IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CR-00121-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LUIS ORDONEZ-VEGA | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 and for appointment of counsel. (Doc. No. 1256).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. There is no right to counsel in § 3582(c) proceedings. United States v. Legree, 205 F.3d 724, 729-30 (4th Cir. 2000).

The defendant states he sent an email to a unit manager requesting a recommendation for a sentence reduction from the warden on June 5, 2021, and then filed the instant motion 11 days later on June 16, 2021. (Doc. No. 1256: Motion

at 5). Accordingly, the Court may not consider his motion for compassionate release. United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020) (defendant required to exhaust remedies with warden before filing motion with court).

**IT IS, THEREFORE, ORDERED** that the defendant's motion for compassionate release and appointment of counsel, (Doc. No. 1256), is **DENIED** without prejudice.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: July 2, 2021

Robert J. Conrad, Jr.
United States District Judge