UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-666-RJC
(3:15-cr-121-RJC-SCR-22)

| | |
|---|---|
| LUIS ORDONEZ-VEGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on pro se Petitioner's "Petition Pursuant to Federal Rule 60(b)(4) & (6) and the All Writs Act for Relief from Void Judgment" [Doc. 1]. For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction, and his alternative claim for § 1651 relief is denied.

**I.  BACKGROUND**

Petitioner Luis Ordonez-Vega ("Petitioner") is a member of a street gang La Mara Salvatrucha, or MS-13. United States v. Zelaya, 908 F.3d 920, 924 (4th Cir. 2018). Petitioner was charged in the underlying criminal case with: one count of RICO (Racketeer Influenced Corrupt Organization) conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); one count of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2) (violent crime in aid of racketeering (VICAR)) (Count Four); and one count of using, brandishing, and discharging of a firearm during and in relation to a crime of violence, *i.e.* the murder in aid of racketeering charged in Count Four, in violation of 18 U.S.C. § 924(c), (j)(1) (Count Five). [3:15-cr-121 ("CR") at 35-

36: Bill of Indictment]. A jury convicted the Petitioner on all counts. [CR Doc. 825: Jury Verdict]. Petitioner was sentenced to life imprisonment on Counts One and Four, concurrent, and life imprisonment on Count Five, consecutive to Counts One and Four. [CR Doc. 1101 at 2: Judgment].

On direct appeal, Petitioner challenged the denial of Rule 29 Motion for Judgment of Acquittal, and the admission of certain evidence at trial. Zelaya, 908 F.3d at 925. The Fourth Circuit affirmed his conviction and sentence, id. at 931, and the Supreme Court denied certiorari, Ordonez-Vega v. United States, 140 S. Ct. 314 (2019).

In 2019, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in this Court, Case No. 3:19-cv-579-RJC, asserting that appellate counsel provided ineffective assistance. [3:19-cv-579, Doc. 1; see also Docs. 5, 6 (Supplement and Memorandum of Law and Facts raising additional claims)]. The Court denied the Motion to Vacate on the merits, Ordonez-Vega v. United States, No. 3:19-cv-579, 2020 WL 7212582 (W.D.N.C. Dec. 7, 2020), and the Fourth Circuit dismissed Petitioner's appeal, United States v. Ordonez-Vega, No. 21-6075, 2023 WL 1775676 (4th Cir. Feb. 6, 2023).

On September 19, 2023,[1] Petitioner filed the instant "Petition Pursuant to Federal Rule 60(b)(4) & (6) and the All Writs Act for Relief from Void Judgment." [Doc. 1]. He appears to argue that relief should be granted pursuant to Rule 60(b)(4) and (6) and the All Writs Act based on a due process violation, fraud on the court, his actual innocence, and the Court's lack of jurisdiction to enter the criminal Judgment. [Id. at 1]. He argues:

Issue One: Abuse of discretion by the court voids the judgment;

Issue Two: The Judgment is void because the judge did not dismiss the indictment due to prosecutor's misconduct in violation of Brady v. Maryland….;

Issue Three: The prosecutor is holding the grand jury records/no quorum existed;

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

Issue Four: No presentations in open court exists, requiring dismissal;

Issue Five: No examining trial was allowed, voiding the indictment and judgment;

Issue Six: No grand jury array was provided to Petitioner;

Issue Seven: No valid affidavit of criminal complaint exists; and

Issue Eight: The Judgment is void because prosecutors knew that the testimony of Christopher Pena was false and is on the record that he lied based on *The Prosecutor's Instruction.*

[Doc. 1 at 1-21]. Petitioner asks the Court to: grant an evidentiary hearing so that he may demonstrate his actual innocence; declare the criminal Judgment void *ab initio*; order his immediate release; and provide any other relief it deems just and proper. [Id. at 1, 22].

## II. LEGAL STANDARD

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

3

## III.     DISCUSSION[2]

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts "must" treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated that:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Here, Petitioner purports to rely on Rule 60(b)(4) and (6), however, his claims directly challenge his criminal Judgment rather than any alleged defect in the prior collateral review proceeding. As such, the instant Petition must be construed as a Section 2255 Motion to Vacate notwithstanding its caption.[3] See Winestock, 340 F.3d at 206; Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that a Rule 60(b) motion seeking to advance substantive claims is treated as a successive habeas petition). Petitioner has already filed a Motion to Vacate under Section

---

[2] Petitioner's lengthy, scattershot, vague, and conclusory allegations are not entirely clear. Any subclaims or arguments not specifically addressed in this discussion have been considered and rejected.

[3] The Petitioner's request for an evidentiary hearing in the instant case so that he can "offer … proof that [he] is actually innocent…," as well as his attempts to obtain discovery in the criminal case, lend support to the conclusion that Petitioner is attempting to challenge the criminal Judgment. [See Doc. 1 at 3; CR Docs. 1348, 1349 (Motion to Unseal, Motion to Compel)].

4

2255, which this Court adjudicated on the merits. The instant Motion to Vacate is, therefore, construed as a "second or successive" motion under Section 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). The instant successive Motion to Vacate, therefore, must be dismissed for lack of jurisdiction. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

Petitioner alternatively seeks relief under the All Writs Act, 28 U.S.C. § 1651(a), which provides an extraordinary remedy that is available, if at all, only to the extent necessary to fill a gap in the post-conviction remedial scheme. See Sweat v. United States, No. 1:12-cv-608, 2019 WL 8329859 (M.D.N.C. July 5, 2019) (citations omitted), *recommendations adopted*, 2019 WL 8329736 (M.D.N.C. July 29, 2019). Relief under is only available under § 1651 if no other avenue of relief exists. See generally United States v. Morgan, 346 U.S. 502, 512 (1954). Section 1651 relief is not available to a petitioner even if the other avenue to relief is procedurally barred. See In re Moore, 487 F. App'x 109 (4th Cir. 2012); United States v. Wilson, 753 F. App'x 173, 173-

5

74 (4th Cir. 2019) (a petitioner cannot proceed under § 1651 "simply because his claim is procedurally barred by restricts on successive collateral attacks").

As discussed *supra*, all of the Petitioner's present claims are direct attacks on the criminal Judgment. These claims could have been presented in a § 2255 proceeding. Although the Petitioner's is now barred from filing a successive § petition until he receives authorization from the Fourth Circuit to do so, this does not make § 2255 relief "unavailable" for purposes of § 1651. Wilson, 753 F. App'x at 173-74. Accordingly, Petitioner's request for relief under § 1651 is also denied.

IV. **CONCLUSION**

For the reasons stated herein, the instant Petition is construed as an unauthorized second or successive § 2255 Motion to Vacate which is dismissed for lack of jurisdiction and, alternatively, his claim for relief pursuant to § 1651 is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Petition Pursuant to Federal Rule 60(b)(4) & (6) and the All Writs Act for Relief from Void Judgment" [Doc. 1] is construed as a successive § 2255 Motion to Vacate that alternatively seeks § 1651 relief, and it is **DISMISSED AND DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: December 1, 2023

Robert J. Conrad, Jr.
United States District Judge